## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DURAN JOHNSON, #M41883,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| vs. | ) | **Case No. 24-cv-00167-SMY** |
| | ) | |
| **CONNIE DOLCE,** | ) | |
| **ANGELA CRAIN,** | ) | |
| **ANTHONY WILLS, and** | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Duran Johnson, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims he was not given his prescription medications on several occasions due to understaffing of nurses. The Court dismissed Plaintiff's original Complaint without prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted (Doc. 9).

Plaintiff's First Amended Complaint (Doc.10) is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the pleading that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 10): Plaintiff suffers from diabetes, serious muscle/nerve pain, and an unspecified mental health

1

condition.  He has several prescriptions for these conditions, including insulin and Ozempic injections.  However, Menard nurses failed to administer his medications on several occasions due to staff shortages (Doc. 10, pp. 6, 12).  Plaintiff is only able to obtain his medications when a nurse brings them to his cell, which is supposed to take place daily at 3:00 a.m., 1:30 p.m., and 7:30 p.m. The understaffing of nurses at Menard has persisted for approximately six years.

Plaintiff filed several grievances to complain about missing his prescription doses.[1] Defendant Connie Dolce (Director of Nursing) acknowledged that Plaintiff did not receive his medication on May 14, 2023, May 19, 2023, or June 4, 2023, noting, "It is unclear why the medications were not dispensed."  (Doc. 10, p. 10; see also Doc. 1, p. 21).  Dolce is responsible for ensuring that medication is administered and should require staff nurses to work overtime or pass out prescriptions herself if the health care unit is short staffed (Doc. 10, p. 11, 17).  Other staff nurses have told Plaintiff that Head Medical Administrator Crain and Dolce were aware that on numerous occasions, the prison did not have enough staff to administer medications.[2]

Certain medications are directed to be taken at around the same time each day (Doc. 10, p. 13).  Plaintiff spoke directly to Warden Wills about the issue of medications being administered late or not at all (Doc. 10, p. 14).  He asked whether Wills would discipline the staff who failed to give him his medication.  Wills responded that was the facility have Crain and Dolce, and Plaintiff should write to them again (Doc. 10, pp. 14-15).

Wexford has failed to hire sufficient medical staff even though it knows that the lack of

---

[1] Plaintiff included copies of grievances from April 10, 2023, April 30, 2023, May 5, 2023, and May 10, 2023, with his original Complaint but did not attach those documents to the First Amended Complaint as he was instructed to do (Doc. 1, pp. 11-24; Doc. 9, p. 5).

[2] Plaintiff attaches as an exhibit a 2021 grievance response from another prisoner, Dennis Thompson, in which the former Director of Nursing stated that Thompson did not receive medication or insulin "due to nursing staff shortage." (Doc. 10, pp. 21-22).  Plaintiff also includes 2023 grievances filed by Thompson over missing medication doses in which staff confirmed Thompson had missed doses 6/30/23-8/15/23 (Doc. 10, pp. 23-25), and an excerpt from interrogatory answers in a lawsuit filed by Thompson, in which Wexford Health Sources states that the director of nursing can mandate Wexford nurses to work overtime (Doc. 10, pp. 26-27).

staff has prevented prisoners from receiving their medication doses.  Wills has been aware for years of the understaffing problem but has allowed it to continue (Doc. 10, p. 17).  Further, Wills, Crain, and Dolce have created a hostile and unsafe work environment for medical staff by requiring them to work 24-hour shifts, leading to staff resignations and understaffing.[3]

Plaintiff seeks injunctive relief requiring defendants to hire enough staff to administer medications, and requests monetary damages (Doc. 10, pp. 7, 19).

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

> Count 1:   Eighth Amendment deliberate indifference to serious medical needs claim against Dolce, Crain, Wills, and Wexford for their failure to consistently provide Plaintiff with prescribed medications for pain, mental health conditions, and diabetes.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

### Count 1

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs.  *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017).  To state such a claim, a prisoner must plead facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs.  *Id.*  To assert deliberate

---

[3] Plaintiff describes occasions where an overworked nurse has forgotten to bring one or more of his medications (Doc. 10, p. 18).

indifference to a serious medical need, a plaintiff must sufficiently allege that a prison official acted or failed to act despite their knowledge of a serious risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).

Plaintiff's diabetes, pain, and mental health condition each constitute a serious medical need. Plaintiff alleges that Dolce was aware of his complaints of missed medication doses and short staffing, in that she responded to several of his grievances. While some of her responses state that Plaintiff's medical records showed his medications were dispensed as prescribed, on three occasions, she acknowledged he did not get his medications and that she could not explain why. These allegations and facts support a colorable claim against Dolce for deliberate indifference.

However, Plaintiff does not describe any communication or interaction with Crain regarding his missed medication complaints. His allegations that other nursing staff told him Crain was aware of staff shortages and that she has overworked the medical staff are insufficient to show that Crain knew about his specific complaints that his medications were not dispensed. Crain will therefore be dismissed from Count 1 without prejudice.

Plaintiff alleges that he informed Wills of the missed medication both in person and through his grievances, which Wills deemed should be handled as emergencies. A non-medical prison official may be found to be deliberately indifferent to a prisoner's serious medical needs if "they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner." *Hayes v. Snyder*, 546 F.3d 516, 527 (7th Cir. 2008); *see also Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (an official who "knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it" may be deliberately indifferent). Therefore, Count 1 may proceed against Wills.

4

Wexford, the company that contracts to provide health care staff in Illinois prisons, can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference if it had a policy or practice that caused the violation). *See also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Here, Plaintiff alleges that Wexford's longstanding policy or practice of failing to provide enough medical staff to dispense medications to prisoners caused him to miss medication doses. Count 1 may also proceed against Wexford.

## Injunctive Relief

Count 1 proceeds against Warden Wills in his individual capacity. Warden Wills will also remain in the case in his official capacity as the proper defendant to carry out any injunctive relief that may be ordered. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

## Disposition

The Complaint states colorable claims in Count 1 against Dolce, Wills, and Wexford Health Sources, Inc. Angela Crain is **DISMISSED** from the action without prejudice.

The Clerk shall prepare for Connie Dolce, Anthony Wills, and Wexford Health Sources, Inc.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 10), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will

require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and

Accountability Act.

**IT IS SO ORDERED.**

**DATED:  September 23, 2024**

<u>*s/ Staci M. Yandle*</u>
**STACI M. YANDLE**
**United States District Judge**

<u>**Notice to Plaintiff**</u>

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.