IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DURAN JOHNSON, #M41883,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | 3:24-cv-167-SMY-RJD |
| | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| **ANTHONY WILLS, and CONNIE** | ) | |
| **DOLCE.** | ) | |
| | ) | |
| **Defendants.** | | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion to Compel (Doc. 61) to which Defendants responded (Docs. 68 and 70). This matter also comes before the Court on a Motion for Protective Order (Doc. 63) filed by Defendant Wexford Health Sources, Inc. ("Wexford"); neither Plaintiff nor Defendants Wills and Dolce responded to the Motion for Protective Order. These motions were referred to the undersigned by District Judge Yandle, pursuant to the Federal Magistrate Act (as amended), 28 U.S.C. §636(b)(1)(A). Doc. 62.

Plaintiff, an inmate in the custody of the Illinois Department of Corrections at Menard Correctional Center ("Menard"), filed this action pursuant to 42 U.S.C. § 1983. He alleges that his Eighth Amendment Constitutional rights were violated at Menard by Defendants who failed to consistently provide him with prescribed medications for pain, mental health conditions, and diabetes. Doc. 11. Wexford is a private company that contracted with the IDOC to provide medical care to inmates. *Id*. At the time he filed his First Amended Complaint (July 17, 2024), Plaintiff alleged that Wexford had not hired sufficient nursing staff for the previous six years, and

the understaffing led to him missing his medications. Docs. 10, 11. Defendant Dolce is the Director of Nursing at Menard and Defendant Wills is the Warden. *Id*. Plaintiff alleges that Defendants Dolce and Wills were aware the prison was not adequately staffed to administer medications. *Id*.

**Plaintiff's Motion to Compel (Doc. 61)**

Plaintiff attached Defendants' Responses to written discovery to his Motion and contends that he continues "to have difficulties with the defendants about turning over discovery items that I requested to show that they knew about the understaffing." Doc. 61, p. 1. He further explains that he is requesting "medical care, contracts, policies, training manuals, and procedures that describe what [is] needed to be done on a daily basis" to provide adequate medical care. Plaintiff carries the burden on a Motion to Compel, but Defendants bear the burden of establishing the propriety of their objections. *Zimmer Inc. v. Beamalloy Reconstructive Medical Products, LLC*, Case No. 16-cv-355-TLS-SLC, 2019 WL 13180984, *4 (N.D. Ind. Mar. 22, 2019); *Prater v. Alliance Coal, LLC*, Case No. 21-cv-66-RLY-MJD, 2023 WL 6158836, *3 (S.D. Ind. Sept. 21, 2023).

**Requests for Production to Defendants Wills and Dolce**

1. **Any and all agreements by Wexford to be the medical care provider for IDOC/Menard. Listing of all staff hired and the position they hold.**

Defendants Wills and Dolce claim that this request is vague, overbroad, and seeks confidential, proprietary information. The Court is aware that the contract between Wexford and IDOC is a public document that can be obtained pursuant to a FOIA request. *See, e.g.*, *Johnson v. Wills*, Case No. 24-cv-1280-SMY, Docket No. 76, f.n. 1 (July 2, 2025). Defendants' objection to the contract between Wexford and IDOC is OVERRULED as to the contract(s) between Wexford and IDOC effective between 2018 and 2025.

Regarding the request for a "listing of all staff hired and the position they hold," the undersigned agrees that this request is vague and not properly limited in time or subject matter (e.g., to staff who administered medication). Defendants' objection to a "listing of all staff hired and the position they hold" is SUSTAINED.

2. **All Wexford training manuals or orientation manuals that are used to train all medical staff.**

Defendants Wills and Dolce object that this request seeks irrelevant information but nonetheless state that they have no such documents. Defendants' relevancy objection is SUSTAINED because this request is not limited to the issues alleged in Plaintiff's Complaint, i.e., the administration of Plaintiff's medications.

3. **All roll call or count sheets that monitor and show what medical staff came to work on the days that are listed that plaintiff has cited as dates that he missed his meds. Show how many people, the positions they hold, show the roster as to all the positions that are in the health care which ones are filled and by who and which ones aren't or were not filled for (6) months.**

Defendants Wills and Dolce object that the production of "all roll call or count sheets" poses a security risk, but also object that the request is vague as to which dates Plaintiff is referring. The Court agrees that if there are specific dates for which Plaintiff wants to know if the health care unit was understaffed, he should list those specific dates in the discovery request. Defendants' vagueness objection is SUSTAINED. The Court declines to rule on whether this request seeks information that poses a security risk because neither Plaintiff nor Defendants have provided the Court sufficient information to consider the security objection.

4. **Which nurses were not coming to work and [were] scheduled to come to work on those days and were on the roster.**

Similar to request No. 3, Defendants Wills and Dolce object that this request is vague. The Court agrees with Defendants that this request should be limited to a particular time period and/or Plaintiff should list the dates in question. Defendants' vagueness objection is SUSTAINED.

**Requests for Production to Wexford**

1. **Contracts and any and all agreements by Wexford to be the medical care provider for IDOC/Menard. Listing of all staff hired and the position they held.**

Wexford objects that this request seeks confidential and proprietary information and then states that it will "arrange for [Plaintiff] to view a copy of the redacted contracted. [Plaintiff] will not be permitted to keep a copy of the redacted contract." As noted above, the contract can be requested and received pursuant to a FOIA request. However, in its Motion for Protective Order (Doc. 63), Wexford explains that Schedule E of the contract lists the amount of money IDOC pays Wexford for each staff position, and disclosure of those amounts to Wexford's competitors would be "extraordinarily valuable." The Court sees no indication that the amount of money Wexford receives from IDOC to pay its staff members is relevant to the issues alleged in Plaintiff's Amended Complaint and considering Wexford's proprietary concerns, Wexford MAY REDACT the monetary amounts in Schedule E. The Court is also entering Wexford's proposed protective order on this date, but Wexford's "confidential and proprietary" objections are otherwise OVERRULED. The Court notes that the proposed protective order allows Plaintiff to keep a copy of the redacted contract.

Regarding the "listing of all staff hired and the position they hold," Wexford objects that this request is vague. The Court agrees that this request is not sufficiently limited to a certain time or specific dates and SUSTAINS Wexford's vagueness objection.

2. **All Wexford training manuals or orientation manuals that are used to train all medical staff.**

Wexford objects that this request is overbroad and the Court agrees that it is not sufficiently limited to the issues alleged in Plaintiff's Complaint, i.e., the administration of Plaintiff's medication. Wexford's "overbroad" objection is SUSTAINED. Wexford also raises the

"confidential and proprietary" objection to this request but fails to provide any information to support such a finding. Regardless, because the request was not reasonably specific in the first place, the Court declines to consider Wexford's "confidential and proprietary" objection.

3. **All roll call or count sheets that monitor and show what medical staff came to work on the days that are listed that plaintiff has cited as dates that he missed his meds and show how many people and the positions they held and show the roster as to all the positions that are in the healthcare, which ones are filled and by who which ones aren't or were not filled for six months.**

Wexford objects that the production of "all roll call or count sheets" seeks confidential personnel records protected by the Illinois Personnel Records Review Act, but also objects that the request is vague as to which dates Plaintiff is referring. The Court agrees that if there are specific dates for which Plaintiff wants to know if the health care unit was understaffed, he should list those specific dates in the discovery request. Defendant's vagueness objection is SUSTAINED. The Court declines to rule on whether this request seeks confidential personnel information because neither Plaintiff nor Defendant have provided the Court sufficient information to consider this objection.

4. **Which nurses were not coming to work and [were] scheduled to come to work on those days and were on the roster?**

Wexford objects that this request is vague. The Court agrees with Defendant that this request should be limited to a particular time period and/or Plaintiff should list the dates in question. Defendant again objects pursuant to the Illinois Personnel Records Review Act but provides no information from which the Court could consider this objection.

**Interrogatories to Wexford**

2. **State all facts supporting your First Affirmative Defense, Qualified Immunity.**

Defendant responded that it "objects to this interrogatory as confusing in that the first

Page 5 of 6

affirmative defense pled in Defendant's answer is failure to exhaust administrative remedies." The Court OVERRULES Defendant's "confusing" objection, noting that Wexford withdrew its exhaustion defense before responding to this Interrogatory. Doc. 33.

**4.-7. Identify all action you took to respond to the issue[s] raised in [Plaintiff's grievances dated 4-10-23, 4-30-23, 5-5-23, 5-10-23.**

Wexford objects, stating that these interrogatories are vague, undefined, and not proportional to the needs of the case. These objections are OVERRULED, as they reference specific dates and documents.

**Wexford's Motion for Protective Order (Doc. 63)**

A protective order can only be issued for good cause. FED. R. CIV. P. 26(c). Wexford explains that the provisions in its contract with IDOC could be misconstrued by other individuals in custody and used against it in other litigation. Wexford asks that the Court enter the Protective Order which would require Plaintiff to keep the contract confidential and use it only for this lawsuit. Plaintiff raised no objection. Wexford's explanation for the protective order is sufficient and by separate Order, the Court will enter Wexford's proposed protective order. However, the language of the proposed protective order suggested that it would apply to documents other than the contract between Wexford and IDOC. Because the Court has not considered whether other documents should be subject to protective order, the language of the proposed protective order will be revised to reflect that it only applies to the IDOC/Wexford contract.

**IT IS SO ORDERED.**

**DATED:   November 25, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**